AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.
JOHANNY VICKY RAMOS-LAURA

*Defendant(s)*

Case No. 6:26-mj- 1903

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of July 31, 2026 in the county of Volusia in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 111(a)(1) | Forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person while engaged in or on account of the performance of official duties |

This criminal complaint is based on these facts:

See Attached Affidavit

❒ Continued on the attached sheet.

[signature]
*Complainant's signature*

Lacey O'Neal, Border Patrol Agent
*Printed name and title*

Sworn to before me over the telephone or reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 8/4/26

[signature: Leslie Hoffman Price]
*Judge's signature*

City and state: Orlando, Florida

LESLIE HOFFMAN PRICE, U.S. Magistrate Judge
*Printed name and title*

**STATE OF FLORIDA** **CASE NO. 6:26-mj-** 1903

**COUNTY OF ORANGE**

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Lacey O'Neal, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Border Patrol Agent ("BPA") with the United States Department of Homeland Security, U.S. Customs and Border Protection ("CBP"), formerly known as the Immigration and Naturalization Service (INS). I have been so employed since September 7, 2003. I am currently assigned to the Orlando, Florida, Border Patrol Station. In my capacity as a Border Patrol Agent, I am charged with the enforcement of Titles 8, 18, 19, and 21 of the United States Code. I am a federal law enforcement agent with the authority to execute arrest and search warrants under the authority of the United States.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that the below listed individual committed a violation of 18 U.S.C. § 111 (a)(1), whoever forcibly assaults, resists, opposes, impedes, intimidates,

or interferes with any person while engaged in or on account of the performance of official duties.

3. On July 31, 2026, United States Border Patrol Agents (BPA) Marcus van der Lee and Nicolas Price accompanied by Immigration Customs Enforcement (ICE) Agent Ralph Angulo were conducting roving patrol duties in the Orlando Border Patrol Station's area of responsibilities during a joint multi-agency over the road operation near DeLand, Florida[1], when they encountered the defendant, Johanny Vicky RAMOS-LAURA. BPAs van der Lee and Price were patrolling in an unmarked Border Patrol service vehicle while ICE Agent Angulo patrolled in a separate unmarked service vehicle, both equipped with lights, sirens, and service radio. The BPAs were wearing their Border Patrol issued duty uniforms complete with Border Patrol patches, insignia, and badges displayed and in clear view. ICE Agent Angulo was wearing his service issued body armor complete with badge and insignia in clear view. BPA Price conducted an open view record check of Florida license plate bearing xxx-S80. The license plate came back to a 2010 dark grey Honda Accord registered to an individual that did not have a driver's license. Upon further investigation into the documents used to register the vehicle, a Mexican passport was used as documentation. An immigration records check on the biographical information from the Mexican passport revealed that the registered

---

[1] Deland is in Volusia County, within the Middle District of Florida.

owner of the vehicle is illegally present in the United States with significant criminal history.

4. Based on the articulable facts, observations, and information gathered, BPAs van der Lee and Price had reasonable suspicion to believe that the registered owner of the vehicle was present in the United States illegally. BPAs van der Lee and Price initiated a traffic stop near the intersection of Holly Street on International Speedway Boulevard headed westbound. The suspect vehicle pulled over to the right shoulder along International Speedway Blvd just west of the Holly Street intersection and came to stop. BPAs van der Lee and Price followed behind the vehicle as it came to a complete stop. ICE Agent Angulo pulled up alongside the passenger side of the Honda Accord. The BPAs were able to see a driver and a one subject sitting in the passenger back seat.

5. BPAs van der Lee and Price both exited their service vehicle with BPA van der Lee approaching the driver's side and BPA Price approaching the passenger side. ICE Agent Angulo activated his body worn camera, exited his vehicle and approached the passenger side. The driver of the Honda Accord partially rolled down the front and backseat passenger windows. BPA Price identified themself and BPA van der Lee as United States Border Patrol Agents conducting an immigration investigation. BPA van der Lee knocked on the driver's side backseat window and instructed the driver to roll down the windows. The driver rolled down the driver's side backseat window about three inches. BPA van der Lee then instructed the driver to roll down the driver's side window and the driver refused. BPA Price proceeded to

question the driver as to her identity and citizenship. The driver, later identified as RAMOS-LAURA, pulled out a red card and handed it across the front passenger seat to BPA Price. As BPA Price took the red card from RAMOS-LAURA, she rolled up the passenger side window on his arms. BPA Price was able to pull his arms out before they got stuck by the window rolling up. At this time, ICE Agent Angulo walked around to the driver's side window and gave clear instructions to RAMOS-LAURA to roll down her window and identify herself. Both BPA van der Lee and ICE Agent Angulo gave RAMOS-LAURA clear instructions in both the English language and the Spanish language to comply with their requests for her to identify herself. When RAMOS-LAURA continued to refuse, RAMOS-LAURA was advised that the window would be broken and she would be removed from the vehicle.

6. Upon hearing the last instructions, RAMOS-LAURA rolled down the driver's side window about six inches. BPA van der Lee reached into the driver's side window and unlocked the door, opened it and rolled the window down the rest of the way. ICE Agent Angulo instructed RAMOS-LAURA to exit the vehicle to prevent her from trying to drive away. RAMOS-LAURA failed to comply with ICE Agent Angulo's order to exit the vehicle. BPA van der Lee reached into the vehicle and secured RAMOS-LAURA's left arm and released her seatbelt. BPA van der Lee instructed BPA Price to place a handcuff on RAMOS-LAURA's left wrist. BPA van der Lee then removed RAMOS-LAURA from the driver's seat by using a control hold on her left arm. RAMOS-LAURA exited the vehicle and immediately began to

struggle with BPA van der Lee in an attempt to keep from being handcuffed. While controlling RAMOS-LAURA's left arm with both hands, BPA van der Lee asked BPA Price to place a handcuff on RAMOS-LAURA's right wrist. RAMOS-LAURA began to scream and tried to pull her hands away from the BPAs. RAMOS-LAURA was advised several times that she was being placed under arrest and to stop resisting. BPA van der Lee took control of the left handcuff while BPA Price attempted to place a handcuff on RAMOS-LAURA's right wrist. As BPA Price grabbed RAMOS-LAURA's right hand, RAMOS-LAURA yanked her hand away in a jerking motion making contact with BPA Price's left hand, immediately dislocating his right pinky finger. BPA Price tried to regain control of RAMOS-LAURA's right hand when he realized he couldn't close his left hand properly. BPA Price looked at his left hand and noticed that his left pinky finger was in a "L" shape at the middle knuckle. BPA Price called out to BPA van der Lee and ICE Agent Angulo that RAMOS-LAURA just "snapped my finger in half".

7. BPA Price moved away from RAMOS-LAURA as BPA van der Lee and ICE Agent Angulo continued trying to gain control of RAMOS-LAURA. BPA van der Lee and ICE Agent Angulo were able to secure a second set of handcuffs on RAMOS-LAURA's right wrist and connect the handcuff on RAMOS-LAURA's left wrist to each other. RAMOS-LAURA continued to violently pull away from the agents. ICE Agent Angulo repeatedly told RAMOS-LAURA to stop resisting. Once RAMOS-LAURA was handcuffed, BPA van der Lee and ICE Agent Angulo escorted RAMOS-LAURA to the BPA's service vehicle in an effort to secure

RAMOS-LAURA in the backseat all the while RAMOS-LAURA continued to struggle against the agents. As BPA van der Lee and ICE Agent Angulo attempted to place RAMOS-LAURA in the backseat of the BPA service vehicle, RAMOS-LAURA was able to release one of her hands from the handcuffs and continued to pull away from them. ICE Agent Angulo pulled out another set of handcuffs as BPA van der Lee used his body weight to keep RAMOS-LAURA secured up against the service vehicle. RAMOS-LAURA continued to struggle with BPA van der Lee as ICE Agent Angulo placed an additional set of handcuffs on RAMOS-LAURA's wrists. RAMOS-LAURA resisted the attempts to place her in the back of the BPA service vehicle by pushing back against BPA van der Lee. After several minutes of struggling with RAMOS-LAURA, BPA van der Lee and ICE Agent Angulo were able to secure RAMOS-LAURA in the backseat of the BPA service vehicle.

8. After RAMOS-LAURA was secured in the BPA service vehicle, BPA van der Lee discovered that the top of his left hand had a couple of bloody cuts on it. BPA Price was immediately taken to an emergency room for treatment of his dislocated finger. BPA Price has been referred to a hand surgeon to fix his injury.

9. Based on the foregoing, I believe that there is probable cause that Johanny Vicky RAMOS-LAURA is found to be in violation of 18 U.S.C. § 111(a)(1). Therefore, I respectfully request that the Court issue the attached criminal complaint charging Johanny Vicky RAMOS-LAURA with the aforementioned federal offense.

This concludes my Affidavit.

Lacey O'Neal,
Border Patrol Agent

Affidavit submitted by email and
attested to me as true and accurate
via video conference and/or telephone
consistent with Fed. R. Crim. P. 4.1
and 41(d)(3), before me this 4th
day of August, 2026.

LESLIE HOFFMAN PRICE
United States Magistrate Judge